UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SUMMIT THERAPEUTICS INC. and SUMMIT THERAPEUTICS SUB, INC., Plaintiffs, v. XINRUI (SHERRY) YAN and DOES 1-10, inclusive, Defendants. | Case No.: 26-cv-2032-JES-MMP **ORDER:** **(1) GRANTING MOTION FOR PERMANENT INJUNCTION;** **(2) ENTERING STIPULATED PERMANENT INJUNCTION;** **(3) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER; and** **(4) GRANTING MOTION TO SEAL** **[ECF Nos. 2, 4, 14]** |
|---|---|

Before the Court is the parties' joint motion for entry of a stipulate permanent injunction. ECF No. 14. Good cause appearing, the Court **GRANTS** the motion and **ENTERS** the permanent injunction ("PI") as follows.  Because the Court enters the PI, the pending motion for temporary restraining order (ECF No. 2) is **DENIED AS MOOT** and the accompanying motion to seal (ECF No. 4) is **GRANTED**.

1

## **PERMANENT INJUNCTION**

## **RECITALS**

A.     On March 31, 2026, Plaintiffs filed a Complaint against Defendant asserting claims for (1) Breach of Contract under California law; (2) Violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 et seq.; and (3) Violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 et seq.

B.     On March 31, 2026, Plaintiffs also filed a Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue.

C.     The Complaint alleges that Defendant, while employed by Summit as a Principal Statistical Analyst, downloaded 876 confidential files from Summit's systems to her personal Google Drive without Summit's knowledge or authorization, and uploaded those files to a third-party platform.

D.     Defendant executed a Confidentiality, Non-Solicitation, and Inventions Assignment Agreement (the "Confidentiality Agreement") as a condition of her employment with Summit, which, among other things, required Defendant to maintain the confidentiality of Summit's trade secrets and confidential information, prohibited Defendant from disclosing or using such information without Summit's express prior written consent, and required Defendant to return all such information upon termination of her employment.

E.     Defendant's employment with Summit was terminated in February 2026.

F.     The Parties, through their respective counsel, have agreed to resolve Plaintiffs' claims for injunctive and equitable relief by entering into this Stipulated Injunction, without any admission of liability by Defendant and without any finding of fault or wrongdoing by any court.

G.     No Admission of Liability. Defendant enters into this Injunction without admitting liability, fault, wrongdoing, misappropriation, breach of contract, damages, or that any specific information constitutes a trade secret or protectable confidential information. This Injunction itself shall not be used as evidence of liability, wrongdoing,

intent, damages, willfulness, or entitlement to attorneys' fees, costs, punitive damages, exemplary damages, or any other monetary relief, except insofar as necessary to enforce this Injunction. Notwithstanding the foregoing, nothing precludes the Parties from using the information contained in this Injunction as evidence.

NOW, THEREFORE, the Parties hereby stipulate and agree, and the Court hereby orders, as follows:

## DEFINITIONS

1. "**Summit's Confidential Information**" for purposes of this Injunction means all information, documents, files, data, and materials (in any form, including electronic or hard copy) that constitute trade secrets or confidential information of Summit, including but not limited to the 876 files downloaded by Defendant on or about February 12, 2026, and any copies, excerpts, or derivatives thereof. Defendant's agreement to use this definition for purposes of this Injunction only does not constitute an admission that any such information constitutes a trade secret, confidential information, proprietary information, or protectable information under applicable law, or that Defendant downloaded, copied, retained, used, disclosed, or misappropriated any such information. Defendant expressly reserves all rights, defenses, objections, and arguments.

2. "**Defendant**" means Xinrui (Sherry) Yan and her agents, servants, employees, attorneys, and all persons acting under, in concert with, or for her who receive actual notice of this Injunction.

## INJUNCTIVE TERMS

3. **Non-Disclosure, Non-Use, and Non-Dissemination**. Defendant is permanently enjoined and restrained from directly or indirectly disclosing, reviewing, accessing, sharing, transmitting, publishing, disseminating, or using any of Summit's Confidential Information for any purpose whatsoever, whether for Defendant's own benefit or for the benefit of any third party, including but not limited to any competitor of Summit or any artificial intelligence platform or service.

4.    **Forensic Investigation**. Defendant shall cooperate in a reasonable, targeted forensic inspection pursuant to a separately negotiated written forensic protocol agreed to by the Parties or ordered by the Court.

5.    **Return and Destruction of Materials**. At a time agreed to by the Parties, Defendant shall:

a.    Return to Summit all documents, files, data, and materials (in whatever form, including electronic and hard copy) containing or reflecting Summit's Confidential Information that are in Defendant's possession, custody, or control;

b.    Permanently destroy all copies, excerpts, abstracts, summaries, reproductions, and derivatives of Summit's Confidential Information in Defendant's possession, custody, or control, including on any personal devices, cloud storage accounts (including but not limited to Google Drive), email accounts, artificial intelligence platforms (including but not limited to ChatGPT), backup drives, or any other non-Summit platforms, accounts, or drives; and

c.    Provide Summit's counsel with a written certification, signed under penalty of perjury, confirming that Defendant has complied with the return and destruction obligations set forth in this paragraph.

6.    **Identification of Recipients**. Within fourteen (14) calendar days of the entry of this Injunction, Defendant shall provide Summit's counsel with a written statement, signed under penalty of perjury, identifying all persons and entities to whom Defendant has disclosed, transferred, transmitted, or otherwise made available any of Summit's Confidential Information, including but not limited to any artificial intelligence platforms or services, any individuals, and any corporate or other entities. For each such disclosure, Defendant shall identify: (a) the recipient; (b) the date(s) of disclosure; (c) the specific information or files disclosed; and (d) the manner and method of disclosure.

7.  **No Indirect Breach**. Defendant shall not directly or indirectly solicit, encourage, or induce any current employee of Summit to disclose, misappropriate, or misuse any of Summit's Confidential Information.

## GENERAL PROVISIONS

8.  **Duration**. This Injunction shall remain in full force and effect permanently, except that any party may move to modify or dissolve this Injunction upon a showing of changed circumstances or other good cause, or upon agreement of the Parties.

9.  **Enforcement and Contempt**. Any violation of the terms of this Injunction may be enforced by any lawful means, including through contempt proceedings.

10.  **Retention of Jurisdiction**. This Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing, modifying, or interpreting this Injunction.

11.  **Reservation of Rights and Defenses**. Except for the obligations expressly set forth in this Injunction, each Party reserves all rights, claims, defenses, objections, and arguments in this action, including, but not limited to, related to liability, causation, damages, trade secret status, confidentiality, ownership, authorization, intent, willfulness, attorneys' fees, and costs.

12.  **Binding Effect**. This Injunction shall be binding upon Defendant and upon her agents, servants, employees, attorneys, and all persons acting under, in concert with, or for her who receive actual notice of this Injunction, by personal service or otherwise.

//
//
//
//
//
//
//
//
//

26-cv-2032-JES-MMP

13.    **Entire Agreement**. This Injunction constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations, representations, and agreements relating thereto. This Injunction may not be modified except by written agreement of the Parties or by order of this Court.

**IT IS SO ORDERED.**

Dated: May 7, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

26-cv-2032-JES-MMP